W. C. A. SEKALY V. THE STATE.

No. 20856. Delivered February 14, 1940.

The opinion states the case.

*W. R. Blain*, of Beaumont, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Conviction is for violation of the statute requiring one who works at a place where food and drink is handled to secure a certificate from a physician that he had no communicable disease. The punishment assessed is a fine of $5.

Appellant's first complaint is that the court erred in over-

ruling his motion to quash the complaint and information. The information, omitting the formal parts, reads as follows: "On or about the 5th day of September, 1939 * * W. C. A. Sekaly, who was then and there operating and conducting an establishment where food and drink was served and permitted to be served, and did then and there unlawfully work in and about said establishment without then and there having in his possession a certificate from some reputable physician of Jefferon County, Texas, attesting the fact that the said W. C. A. Sekaly, bearer, had then and there been examined by such physician *within one week prior to the time that he so worked* in and about said establishment, and that such examination disclosed the fact that said person, the said W. C. A. Sekaly, was then and there free from any infectious and contagious disease * *"

This prosecution is brought under Art. 705c P. C. (effective April 26, 1939) which reads as follows, omitting the unnecessary parts thereof: "No person * * operating, managing, or conducting any * * place * * where food or drink is served, sold or handled * * shall work, employ, or keep in their employ in, on or about said place * * any person infected with any transmissible condition of any infectious or contagious disease, or work, or employ any person to work in, on or about any said place who at the time of his or her employment, failed to deliver to the employer or his agent a certificate signed by a legally licensed physician attesting the fact that the bearer had been actually and thoroughly examined by such physician WITHIN A WEEK PRIOR TO THE TIME OF SUCH EMPLOYMENT, and that such examination discloses the fact that such person to be employed was free from any transmissible condition of any infectious or contagious disease."

The act further provides that new certificates must be secured every six months.

It is obvious that the complaint and information charged appellant with being the operator and conductor of an establishment where food and drink were served; that he unlawfully worked about said establishment without having in his possession a certificate showing that he had been examined by a physician within one week prior to the time HE SO WORKED in said establishment. It occurs to us that said statute requires employees to secure certificates not more than one week prior to the time of their employment, which certificates shall be renewed every six months. The operator must also secure and renew his certificate every six months if he works in and about the premises and handles food and drink, etc. But it is not

necessary either in case of operators or employees that their certificates show that the same were secured ONE WEEK PRIOR TO ANY PARTICULAR TIME THEY MIGHT HAVE WORKED. The law does not seem to require the operator or employee of the establishment to have a certificate attesting the fact that he or she has been examined by a physician within a week prior to any particular time that he might have worked in such establishment. If this were necessary under the law, then it would require such operator or employee who worked in and about the premises to obtain such certificate every week so that he might show the same to the proper authorities when they demanded it. In other words, the information does not charge (1) that appellant's certificate had elapsed by reason of the expiration of any six months period and that he failed to secure a renewal; nor does it charge (2) that he had never secured a certificate prior to the time he started to work. It merely alleges that he worked on said place on a particular date, September 5, 1939, without having secured a certificate for a week prior to this date. Assume, for example, that he had worked there three months before September 5, and had secured a certificate before he ever started to work on July 5; in such event he would clearly not have violated any law. Yet this information charges that he worked on September 5, and because he did so work and had had no examination "within a week prior to the time he so worked," he was guilty of an offense. He might have been working 3 months and still have three months more before he need renew his certificate or he might have had the required certificate when he went to work and then worked ten days at the time of the filing of the complaint. In either event, according to the wording of this complaint and information, he would be guilty. In neither event would he actually be guilty. And yet the complaint and information attempts to charge an offense by the use of such language.

There is also some complaint urged to the information because it alleged that appellant did not have his certificate *in his possession.* The statute does not require that an owner or employee or operator have actual possession of the certificate; it only requires that it be displayed on the premises where food and drink, etc., is sold or handled.

Having reached the conclusion that the motion to quash should have been sustained, the judgment is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.